UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE CITY OF NEW YORK,

              Plaintiff

                                           Case No. 26-cv-01287
    v.                                 (VSB)(SDA)

PATIO DELIVERY, INC. d/b/a MOTOCLICK,
and JUAN PABLO SALINAS SALEK

              Defendants.
-------------------------------------------------------------x

## ANSWER

Defendant PATIO DELIVERY, INC. d/b/a MOTOCLICK, ("Defendant" or

"Motoclick"), by its attorneys Cyruli Shanks & Zizmor, LLP., answers the allegations contained

in Plaintiff's Verified Complaint ("Complaint") as follows:

1.     Denies the allegations contained in paragraph 1 of the Complaint.

2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2, 3 and 4 of the Complaint and refers all questions of law to

the Court for determination.

3.     Denies the allegations contained in paragraph 5 and 6 of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 7 of the Complaint.

## RESPONSE TO PARTIES

5.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 8 of the Complaint.

6.      Admits only the allegations contained in paragraph 9 of the Complaint, as to the corporate status of Motoclick.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and refers all questions of law to the Court for determination.

## RESPONSE TO JURISDICTION AND VENUE

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12, 13 and 14 of the Complaint and refers all questions of law to the Court for determination.

## RESPONSE TO THE DELIVERY WORKER LAW

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 15 through 25 of the Complaint and refers all questions of law to the Court for determination.

## RESPONSE TO FACTS

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 26 and 27 of the Complaint, and refers all questions of law to the Court for determination.

11.      Admits the allegations contained in paragraph 28 of the Complaint.

12.      Denies the allegations contained in paragraph 29 through 36 of the Complaint.

## RESPONSE TO DEFENDANTS STEAL WORKERS EARNINGS

13.      Denies the allegations contained in paragraphs 37 through 39 of the Complaint.

14.     Denies  knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint, and refers all questions of law to the Court for determination.

15.     Denies the allegations contained in paragraphs 41 through 43 of the Complaint.

**RESPONSE TO DEFENDANTS IGNORE MINIMUM PAY REQUIREMENTS**

16.     Denies the allegations contained in paragraphs 44 and 45 of the Complaint.

17.     Answering paragraph 46 of the Complaint, refers all documents to the Court for review.

18.     Denies the allegations contained in paragraphs 47 and 48 of the Complaint.

**RESPONSE TO DEFENDANTS RETALIATE AGAINST WORKERS FOR EXERCISING THEIR RIGHTS**

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 51 through 56 of the Complaint.

**AS TO FIRST CAUSE OF ACTION**

20.     Answering paragraph 57 of the Complaint, Defendant repeats and realleges each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 58 through 60 of the Complaint and refers all questions of law to the Court for determination.

22.     Denies the allegations contained in paragraphs 61 through 64 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**

23.     Answering paragraph 65 of the Complaint, Defendant repeats and realleges each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 66 through 69 of the Complaint and refers all questions of law to the Court for determination.

25.     Denies the allegations contained in paragraphs 70 through 72 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**

26.     Answering paragraph 73 of the Complaint, Defendant repeats and realleges each and every response as set forth hereinabove, with the same force and effect as if set forth at length herein.

27.     Denies the allegations contained in paragraph 74 of the Complaint.

28.     Answering the allegations contained in paragraphs 75 and 76 of the Complaint, refers all questions of law to the Court for determination.

29.     Denies the allegations contained in paragraphs 77 through 79 of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION**

30.     Answering paragraph 80 of the Complaint, Defendant repeats and realleges every response as set forth hereinabove, with the same force and effect as if set forth at length same force and effect as if set forth at length herein.

31.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 81 through 84 of the Complaint and refers all questions of law to the Court for determination.

32.     Denies the allegations contained in paragraphs 85 through 87 of the Complaint.

4

## AS TO THE FIFTH CAUSE OF ACTION

33.    Answering paragraph 88 of the Complaint, Answering Defendant repeats and realleges every response as set forth hereinabove, with the same force and effect as if set forth at length herein

34.    Denies the allegations contained in paragraph 89 of the Complaint.

35.    Answering paragraph 90 of the Complaint, denies information or belief sufficient to form a belief as to the allegations contained therein, and refers all questions of law to the Court for determination.

36.    Denies the allegations contained in paragraphs 91 through 93 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

39.    The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

40.    The claims are barred by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

41.    The relief requested is not authorized or warranted.

## FOURTH AFFIRMATIVE DEFENSE

42.    Plaintiff's claims are barred, in whole or in part, because New York City Administrative Code Sections 20-1501 et seq. ("N.Y.C. Admin. Code") and Title 6 of the Rules of the City of New York ("6 R.C.N.Y.") Sections 7-801 et seq. (collectively, "Delivery Worker Laws"), as enacted and/or as applied to Defendants, violate the United States Constitution, including but not limited to the Due Process Clause, the Equal Protection Clause, the First Amendment, and the Commerce Clause, and are therefore unenforceable.

**FIFTH AFFIRMATIVE DEFENSE**

43.    Defendant is not in violation of any of the laws cited by Plaintiff in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

44.    Plaintiff's claims are barred by parole evidence.

**SEVENTH AFFIRMATIVE DEFENSE**

45.    Defendant reserves the right to set forth further affirmative defenses which may be realized throughout discovery.

**AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE
AND FIRST COUNTERCLAIM**

(Violation of Procedural Due Process – 42 U.S.C. § 1983)

1.    Plaintiff The City of New York is a municipal corporation organized under the laws of the State of New York.

2.    Acting under color of state law, on January 15, 2026, Plaintiff through its agency the Department of Consumer and Worker Protection ("DCWP") and the DCWP's Commissioner, publicly issued an official press release entitled "*New Era of Accountability: Mamdani Administration's DCWP Sues Motoclick and CEO, Warns Delivery Apps to Comply With Worker Protections*" accusing Defendant and its CEO of having "stolen" workers' pay, "tricked" workers, engaged in a "scam," and owing "millions in stolen pay."

3.    Also on January 15, 2026, Mayor of New York City Zohran Mandami held a press event together with the DCWP Commissioner in which they made additional unfounded and conclusory statements regarding Defendant including that Defendant "stole pay and tips from workers robbing them on millions of dollars" and that the Defendant "cheated" workers.

4.      On January 16, 2026, the DCWP posted a video of the January 15, 2026 press event on its Instagram page which included, a written statement that "Motoclick and its CEO tricked New Yorkers into working for their platform with false promises and then STOLE their tips and earnings." The all caps emphasis on the word "stole" is as shown in the Instagram post.

5.      These statements accused Defendant of criminal and fraudulent conduct and were false and materially misleading, including the assertion that Defendant stole "millions" of dollars from workers, which never occurred and that Defendant "tricked" workers into working for Defendant, which also never occurred.

6.      Plaintiff issued these statements publicly, definitively, and as statements of fact, not as allegations or unproven claims, and did so prior to any adjudication, finding of liability, or opportunity for Defendant to contest the accusations. At no time did Plaintiff indicate that their statements were just allegations that needed to be proven at a trial. Rather, they were stated as if already adjudicated.

7.      Plaintiff City further stated that it was seeking to "shut the company down completely," publicly threatening the destruction of Defendant's business before any lawful determination was made by a Court and without affording Defendant notice or any opportunity to be heard.

8.      As a direct and proximate result of the Plaintiff City's stigmatizing statements and shutdown threats, Defendant suffered tangible and concrete harm, including loss of workers, business relationships, goodwill, and economic opportunity, thereby satisfying the "plus" element required for a stigma-plus claim.

9.     Plaintiff City's conduct deprived Defendant of liberty and property interests without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

10.    The challenged conduct was undertaken pursuant to official City policy, custom, and practice, including public enforcement communications by final policymakers, rendering the City liable under *Monell v. Department of Social Services*.

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

(Violation of Substantive Due Process, 42 U.S.C. § 1983)

11.    Defendant repeats and realleges every allegation as set forth hereinabove, with the same force and effect as if set forth at length herein.

12.    Plaintiff City's conduct in publicly declaring Defendant guilty of theft, exaggerating alleged damages, and threatening shutdown authority it did not lawfully possess, was arbitrary, capricious, conscience-shocking, and a gross abuse of executive power.

13.    Plaintiff City used the prestige and authority of the largest and most important city in the United States to punish Defendant extrajudicially, outside any lawful enforcement process, and without any rational or legitimate governmental justification.

14.    Such conduct constituted an ultra vires exercise of power specifically, as stated by senior City officials, including the Mayor of the City of New York, and designed to destroy a business through reputational harm rather than lawful adjudication.

15.    Plaintiff City's actions violated Defendant's substantive due process rights under the Fourteenth Amendment.

8

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE
## AND THIRD COUNTERCLAIM
(Trade Libel / Injurious Falsehood)

16. Defendant repeats and realleges every allegation as set forth hereinabove, with the same force and effect as if set forth at length herein.

17. Acting under color of law, Plaintiff City, through its DCWP and senior City officials, publicly issued false statements of fact concerning the legality, integrity, and business practices of Defendant's delivery platform and services.

18. These statements were published to the public at large through an official City press release, on Plaintiff's social media accounts and at a live press event convened by City officials including the Mayor of the City of New York, for the sole purpose of publicizing the demonstrably false statement that the Defendant "stole" millions of dollars from workers and announcing Plaintiff's intention to shut down Defendant's business.

19. These statements directly disparaged the quality, legality, and integrity of Defendant's business and services and were stated as established facts, not as allegations or unadjudicated claims.

20. The statements were false and materially misleading, including the assertion that Defendant's stole "millions" of dollars from workers, which did not occur.

21. At no time did Plaintiff state that the statements were merely allegations that needed to proven at trial. Rather, Plaintiff presented the statements as absolute statements of fact.

22. At the time of publication, the City knew or recklessly disregarded that the amount of alleged damages was disputed, unadjudicated, and materially exaggerated, yet nevertheless presented the statements as definitive conclusions of wrongdoing.

23.     Plaintiff published the statements with actual malice, in that it knew the statements were false or acted with reckless disregard for their truth or falsity.

24.     Plaintiff City's statements were reasonably understood by third parties as authoritative, credible and statements of fact due to Plaintiff City's regulatory role and the official nature of the communications.

25.     As a direct and proximate result of the Plaintiff's false and disparaging statements, third parties relied on those statements in making commercial decisions concerning Defendant.

26.     As a result of these refusals, Defendant suffered special damages, including lost business relationships, lost revenue, and loss of business expectancy, the precise amount of which will be determined through discovery and proven at trial.

27.     Plaintiff City's conduct constitutes trade libel and injurious falsehood under New York law.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's action in its entirety, and on the Counterclaims, declaratory relief, compensatory damages, injunctive relief prohibiting further stigmatizing statements, and attorneys' fees pursuant to 42 U.S.C. § 1988, together with costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 22, 2026

10

Cyruli Shanks & Ziznor, LLP

By: /s/ Russell J. Shanks

_____

Russell J. Shanks Esq.

Attorneys for Defendant Patio Delivery, Inc.
420 Lexington Avenue, Suite 2320
New York, New York 10170
212-662-6800
rshanks@cszlaw.com

11