**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**City of New York,**

**Plaintiff,**

**-against-**

**Patio Delivery, Inc., et al.**

**Defendants.**

**1:26-cv-01287 (VSB) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby ORDERED that Plaintiff's Letter Motion for a Protective Order (ECF No. 48) is GRANTED IN PART and DENIED IN PART. The Court finds good cause for issuance of an appropriately tailored protective order at this time, as follows:

1. Plaintiff shall produce documents to Defendant in a manner to protect the identities of informants by using pseudonyms in place of legal names and redacting other identifying information. Plaintiff also shall produce unredacted copies of such documents to Defendant's counsel subject to the following restrictions: (a) the unredacted documents shall not be disclosed, summarized or discussed with any officer, director, employee or representative of Patio Delivery, Inc. d/b/a Motoclick ("Motoclick"), and (b) access to the unredacted documents is strictly limited to outside counsel of record and their direct legal staff (the "Attorneys'-Eyes Only Restrictions").
2. Motoclick's counsel shall not disclose to anyone the identities of the informants.

3. Notwithstanding the provisions contained in paragraphs 1 and 2 hereof, Motoclick's counsel may issue third-party document subpoenas to its competitor delivery companies requesting records pertaining to the informants, so long as (a) each subpoena requests records pertaining to an equivalent number of other, randomly selected delivery workers; (b) any such subpoena does not identify in any manner which of the delivery workers is an informant; (c) Motoclick's counsel does not disclose the content of any subpoena to any officer, director, employee or representative of Motoclick; (d) Motoclick's counsel advises each subpoena recipient that, if any court intervention is sought regarding the subpoena served upon it, such recipient must file the subpoena under seal; and (e) Motoclick's counsel abides by the Attorneys'-Eyes Only Restrictions regarding the entirety of the documents produced pursuant to any such subpoena.

The timing of, and restrictions regarding, any depositions to be taken of the informants shall be subject to further order of the Court.

**SO ORDERED.**

Dated: New York, New York
July 10, 2026

Stewart D. Aaron

STEWART D. AARON
United States Magistrate Judge