NYC Consumer and Worker Protection

DEPARTMENT OF CONSUMER AND WORKER PROTECTION (DCWP)

42 Broadway
New York, NY 10004

nyc.gov/dcwp

June 23, 2026

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Application GRANTED. The Court finds that the proposed redactions are narrowly tailored to prevent public disclosure of the informant worker. SO ORDERED.
Dated: July 10, 2026

Re: *City of New York v. Patio Delivery Inc., d/b/a Motoclick, et ano.*,
26 Civ. 1287-VSB-SDA
Letter-Motion for Leave to File Redacted Declaration and Exhibits in Support of Plaintiff's Motion for a Preliminary Injunction

Dear Judge Broderick:

We write in connection with Plaintiff the City of New York's motion for a Preliminary Injunction in the above captioned matter. The City respectfully submits this letter-motion, pursuant to Rule 5(B)(iii)(c) of Your Honor's Individual Rules & Practices in Civil Cases, S.D.N.Y. Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, for leave to file in redacted form documents containing the name and identifying information of an informant worker, including the Declaration of Worker 1 and accompanying exhibits. The City has publicly filed redacted versions of these documents and is contemporaneously filing under seal unredacted copies in which the proposed redactions are highlighted. The City seeks to redact this worker's identity from the public record only and has provided Defendant Patio Delivery Inc. ("Motoclick") the unredacted declaration and exhibit evidence so it may prepare its opposition. The City has done so without waiving the informant's privilege or law enforcement privilege as to any other phase of this litigation, including discovery and trial, and with the requirement that Motoclick and its agents not retaliate against Worker 1 for participating in this action. *See* N.Y.C. Admin. Code § 20-1504 ("No person shall take any adverse action against a contracted delivery worker that penalizes such worker for, or is reasonably likely to deter such worker from, exercising or attempting to exercise any right protected").

Per Your Honor's Individual Rule 5(B)(iii)(a), the parties conferred and counsel for Motoclick consented to this application. As set forth below, the presumption of public access to judicial documents is overcome here by the City's interest in protecting the identities of workers who report violations to the City and to prevent retaliation.

## I. The Redaction Standard

A party seeking to file judicial documents in redacted form must show that the redaction is "narrowly tailored to serve whatever purpose justifies the redaction and must be otherwise consistent with the presumption in favor of public access to judicial documents." Individual Rule 5(B)(ii); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20, 124 (2d Cir. 2006). In

Consumer and Worker Protection

DEPARTMENT OF CONSUMER AND WORKER PROTECTION (DCWP)

42 Broadway
New York, NY 10004

nyc.gov/dcwp

assessing whether a party has made this showing, Courts weigh the presumption in favor of access against "the danger of impairing law enforcement", particularly given that "law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Courts also consider "the privacy interests of those resisting disclosure," among other factors. *Id*.

**II. The Need to Protect Worker Identities Overcomes the Presumption of Public Access**

The City's interest in protecting the identities of workers who report violations of the Delivery Worker Laws to the City overcomes the presumption of public access. Courts in the Second Circuit have consistently recognized the need to protect worker identities to ensure cooperation with government investigations in the labor and employment context and mitigate the dangers workers face in filing complaints. *See Su v. Versa Cret Contracting Co., Inc.*, No. 21-CV-05697, 2024 WL 1704695, at *9 (E.D.N.Y. Apr. 19, 2024) ("Courts have found that the employee informer's identity is usually unrelated to the proof offered at trial, and that anonymity helps diffuse the fear of retaliation"); *Secretary of Labor v. Superior Care Inc.*, 107 F.R.D. 395, 397 (E.D.N.Y.1985) ("the employee's fear of retaliation is great and only through the preservation of the employee's anonymity can the government hope to discover illegal employment practices"). Courts recognize that in the labor-enforcement context "the threat of retaliation is far from remote or speculative even after an employee leaves the defendant's payroll," and that the government "need not make a threshold showing that . . . retaliation is likely[.]" *Versa Cret*, 2024 WL 1704695, at *9-10 *quoting Dole v. Loc. 1942, Int'l Bhd. of Elec. Workers, AFL-CIO,* 870 F.2d 368, 372 (7th Cir. 1989).

While courts decided these cases in the context of granting a protective order in discovery prohibiting the disclosure of identifying information, the same reasoning applies here. The risk of retaliation in this case is concrete. Public disclosure of these identities could expose workers to retaliation premised on perceived immigration status, including by third parties. Courts in this Circuit have recognized that the exposure of immigration status chills worker participation in labor proceedings. *See Versa Cret*, 2024 WL 1704695, at *6-7 (reciting cases pertaining to immigration status).

**III. The Proposed Redactions are Narrowly Tailored and Limited to the Public Docket**

After determining that the City's interest overcomes the presumption of public access, the Court must then assess whether the redactions proposed are narrowly tailored. *Lugosch*, 435 F.3d at 120. Here, the redactions are limited to the name and identifying details of a worker who cooperated with the City's investigation with the expectation that his identity would be kept confidential, and leave the substance of the declaration and exhibits available on the public docket. These are exactly the type of narrowly tailored redactions courts have permitted. *See Oliver v. New York State Police*, No. 115-CV-00444, 2020 WL 1227141, at *5 (N.D.N.Y. Mar. 13, 2020) (allowing police department to redact identifying information of witnesses and confidential informants in materials used to support summary judgment motion in employment

NYC Consumer and Worker Protection

DEPARTMENT OF CONSUMER AND WORKER PROTECTION (DCWP)

42 Broadway
New York, NY 10004

nyc.gov/dcwp

discrimination case); *Palantir Techs., Inc. v. Jain*, No. 25-CV-8985, 2026 WL 622007, at *18 (S.D.N.Y. Mar. 5, 2026) (allowing redactions of personal identifying information of individuals, nonparties, and other business information in materials submitted to support motion for preliminary injunction).

The City recognizes that the Court "must weigh the public's interest in protecting both the flow of information and the safety of the informer against the defendant's right to prepare a defense." *Superior Care*, 107 F.R.D. at 397. The City is disclosing unredacted declarations and exhibit evidence so that Defendants may prepare their opposition to Plaintiff's motion.

For the foregoing reasons, the City respectfully requests that the Court grant leave to file the Declaration of Worker 1and accompanying exhibits in redacted form.

Respectfully submitted,

John M. De Vito, Jr.

cc: Counsel of Record