Consumer and Worker Protection

**Samuel A.A. Levine**
Commissioner

**42 Broadway**
**New York, NY 10004**

**212-436-0430**

**September 29, 2026**

**VIA ECF**
Magistrate Judge Stewart D. Aaron
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1970
New York, NY 10007

Re: *City of New York v. Patio Delivery Inc., d/b/a Motoclick, et ano.,*
26 Civ. 1287-VSB-SDA
Joint Letter on Discovery Status

Dear Judge Aaron:

Counsel for the parties in the above-referenced action respectfully submit this joint letter providing an update on the status of discovery, in accord with the Court's order at ECF 83.

**Defendant's Discovery Obligations**

*Plaintiff's Position:*

Defendant's delay in producing documents threatens the Case Management Plan and prejudices the City as it prepares for depositions. If Defendant continues to delay, the City will seek a pre-motion conference to compel production and an extension of the fact discovery deadlines in the Case Management Plan.

The City served Requests for Production of Documents to Defendant Patio Delivery ("Motoclick") on June 15, 2026. Motoclick failed to timely respond or object by July 15, 2026. The City followed up on July 16, 24 and 28. Motoclick responded on Aug. 12, 2026, and did not produce any documents with its response. On August 28, 2026, when the parties (Paul Goodman for Motoclick) conferred, Motoclick admitted it had not conducted any searches. The City again requested production on Sept. 3, 11, 14, 17, and 21, and asked that Motoclick produce before Sept. 24. Aside from approximately 25 documents produced on Sept. 28, Motoclick still has not supplemented its production. The City indicated, in a meet and confer on Sept. 25, that it intended to raise Motoclick's deficient production in this joint letter. Mr. Goodman refused to discuss the outstanding production in detail until after the joint letter was submitted. Motoclick's outstanding production is summarized as follows:

**Time and Pay Data**

Motoclick continues to withhold time and pay data, responsive to Plaintiff's June 15 Document Request Nos. 8, 11 and 12 (worker pay and scheduling information), which the Court ordered Motoclick to produce

during the preliminary injunction hearing on July 23, 2026 (ECF 69). Motoclick produced an SQL database on July 30. However, Motoclick has not produced records showing how or when any particular worker was paid (i.e. payroll records). The SQL database does not contain this information.

**Communications and Other Motoclick Documents**

On Aug. 28, the City agreed to a significant narrowing of the scope of its original requests for documents outside of the SQL database. However, Motoclick has still failed to produce any of these outstanding communications or documents, including:

- All versions of Motoclick's worker service agreement (responsive to June 15 Request No. 3);
- All current and past versions of Motoclick's organizational chart (Request No. 23);
- Communications between custodians regarding DCWP's regulation of Motoclick, Motoclick's reporting to DCWP, Motoclick's decisions on how to track key metrics (e.g., worker pay or on-call time), and Motoclick's efforts to control on-call time or multi-apping (Request Nos. 1-3).
- Communications with workers deactivated for cause. (Request Nos. 5, 20).
- Several categories of communications between Defendant Salinas Salek and employees, workers, and third-party marketplaces. (Requests 19-21).

*Defendant's Position:*

Defendant disagrees with Plaintiff's characterization of the status of discovery and with numerous factual and legal assertions contained in Plaintiff's portion of this letter. Further, Defendant has not "evaded" any discovery obligations and strongly objects to Plaintiff's argumentative and false characterizations in a joint status letter. Defendant further objects to Plaintiff's use of this Court-ordered joint discovery status report to argue the merits of individual discovery disputes. Plaintiff prepared the initial draft and devoted most of the Court's three-page limit to its characterization of those disputes, leaving Defendant insufficient space to respond to Plaintiff's assertions or adequately state its position. Defendant therefore does not waive any response or objection by declining to address Plaintiff's assertions *seriatim* herein.

As to the status of discovery, Defendant has provided Plaintiff with its operational database containing over 25 million individual data points, providing Plaintiff with transparency into Motoclick's historic business operations down to the level of the details of individual delivery orders handled by each worker. Defendant has further provided prompt responses to Plaintiff's questions regarding the database. Plaintiff's complaints appear to rest on its assumptions as to what data Motoclick should maintain, rather than the data Motoclick actually maintains in the ordinary course of its business. Defendant has also produced additional responsive documents and continues to review Plaintiff's production, including the more than 11,000 pages Plaintiff recently produced.

To the extent additional document requests remain outstanding, Defendant has asserted reasonable objections based on, among other things, relevance, proportionality and undue burden, particularly given that Motoclick is a small business. Certain of Plaintiff's requests, for example, would require the review of hundreds of thousands of text messages in an effort to locate particular communications with individual workers about specific issues. Defendant disputes Plaintiff's characterization of the assertion of such legitimate objections as a failure or refusal to comply with its discovery obligations.

Contrary to Plaintiff's characterization, Defendant has not refused to meet and confer concerning outstanding discovery issues; Defendant objected to converting preparation of this status report into the meet-and-confer process and remains willing to meet and confer separately concerning specifically identified disputes. To the extent those disputes cannot be resolved, Defendant respectfully submits that they should be presented pursuant to Local Civil Rule 37.2 and the Court's Individual Practices, so that both parties have a fair opportunity to present the relevant requests, responses and objections. Defendant does not believe that preparation of this three-page joint status report should itself be converted into either a meet-and-confer or briefing of those disputes.

**<u>Plaintiff's Discovery Obligations</u>**

*Plaintiff's Position:*

The City continues to meet its discovery obligations. Defendant Motoclick issued Requests for Production on July 8, 2026. The City timely served responses and objections to Motoclick's request for production on Aug. 7, 2026. On the same day, the City made an initial production of over 11,000 pages of documents, responsive to Motoclick's requests for information regarding the City's adoption of the Minimum Pay Rule, and the City's multiapping adjustment. On Sept. 14, the City produced a list of names of 36 complainants (designated attorneys' eyes only). On Sept. 25, 2026, the City produced approximately 400 documents submitted by complainants to DCWP, redacted and accompanied by a key to protect identities from disclosure, per the Court's instruction.

*Defendant's Position*

Defendant is continuing to review Plaintiff's production, including the more than 11,000 pages produced on August 7, 2026, and the additional complainant materials produced on September 25, 2026. Defendant has not yet completed its review or determined whether Plaintiff's production is complete and responsive to Defendant's outstanding discovery requests, and therefore reserves its rights with respect to any deficiencies or additional discovery that may be identified upon completion of that review.

**<u>Settlement Conference</u>**

The City believes a settlement conference would not be productive until Motoclick finishes production of data. Defendant disagrees and believes that a short settlement conference might be productive.

Sincerely,

<u>/s/ Christopher Taylor</u>
Christopher Taylor
Special Assistant Corporation Counsel; Counsel for Plaintiff City of New York

<u>/s/ Paul Goodman</u>
Paul Goodman
Counsel for Defendant Patio Delivery, Inc.