UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK, Plaintiff, -against- PATIO DELIVERY, INC. d/b/a MOTOCLICK, and JUAN PABLO SALINAS SALEK, Defendants. | 26-CV-1287 (VSB) **OPINION & ORDER** |

Appearances:

Gerald E. Singleton
NYC Law Department
New York, NY

Christopher Ian Taylor
Elizabeth Hartley Wagoner
Emily Cecelia Hoffman
Gabriel Gutierrez
Hadassah Karp
John De Vito, Jr.
NYC Dept. of Consumer and Worker Protection
New York, NY
*Counsel for Plaintiff*

Russell James Shanks
Paul Godman
Cyruli Shanks & Zizmor, LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On January 15, 2026, The City of New York ("Plaintiff" or "the City") commenced this action in the Supreme Court of the State of New York against Defendant Patio Delivery, Inc. d/b/a Motoclick ("Motoclick") and its Chief Executive Officer, Juan Pablo Salinas Salek

("Salek") (together, "Defendants") alleging its pattern or practice of violating multiple provisions of the Delivery Worker Laws. (Doc. 1.) On February 16, 2026, this case was removed from New York State court to the United States District Court for the Southern District of New York. (*Id.*) The case was then assigned to me on February 17, 2026. On February 18, 2026, I referred this case to Magistrate Judge Stewart D. Aaron for general pretrial administration. (Doc. 4.)

On February 23, 2026, Motoclick filed its Answer and Counterclaims, alleging two claims for violation of its civil rights under Section 1983 and a claim for trade libel and injurious falsehood. (Doc. 5.) On May 18, 2026, the City moved to dismiss the counterclaims. (Docs. 23–25.) Defendant filed its opposition papers on June 9, 2026, (Docs. 32–33), and the City filed its reply memorandum on June 23, 2026, (Doc. 45). On July 2, 2026, I referred the motion to dismiss to Magistrate Judge Aaron. (Doc. 47.) On July 16, 2026, Magistrate Judge Aaron issued a thorough twenty-page Report and Recommendation recommending that "the City's motion to dismiss Motoclick's counterclaims . . . be GRANTED and that Motoclick be granted leave to amend the First and Second Counterclaims, but that leave to amend the Third Counterclaim be denied." (Doc. 65 ("Report and Recommendation") at 20.) Neither party filed any objections to the Report and Recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and

Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and the "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Doc. 65 at 20), neither party filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none. I therefore ADOPT the Report and Recommendation in its entirety.

The Clerk's Office is respectfully directed to terminate Document 23.

SO ORDERED.

Dated: October 19, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge